UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| GULF RESTORATION NETWORK, *et al.*, | CIVIL ACTION |
| Plaintiffs, | NO. 12-677 |
| VERSUS | SECTION "E" (3) |
| LISA P. JACKSON, Administrator of the United States Environmental Protection Agency, and THE UNITED STATES ENVIRONMENTAL PROTECTION AGENCY, | JUDGE SUSIE MORGAN<br><br>MAGISTRATE JUDGE DANIEL E. KNOWLES, III |
| Defendants. | |

## ANSWER OF AGRICULTURAL ASSOCIATIONS

Intervenor-Defendants American Farm Bureau Federation, The Fertilizer Institute, National Pork Producers Council, Agricultural Retailers Association, National Corn Growers Association, Arkansas Farm Bureau Federation, Illinois Farm Bureau, Iowa Farm Bureau Federation, Kansas Farm Bureau, Kentucky Farm Bureau, Louisiana Farm Bureau Federation, Minnesota Farm Bureau Federation, Mississippi Farm Bureau Federation, Missouri Farm Bureau, Nebraska Farm Bureau Federation, Oklahoma Farm Bureau, South Dakota Farm Bureau Federation, Tennessee Farm Bureau Federation, Wyoming Farm Bureau, Illinois Fertilizer & Chemical Association, Missouri Agribusiness Association, Illinois Pork Producers Association, Iowa Pork Producers Association, Minnesota Pork Producers Association, Missouri Pork

Association, Tennessee Pork Producers Association, and Wisconsin Pork Producers Association (collectively, "Agricultural Associations") hereby answer the Amended Complaint for Declaratory and Injunctive Relief filed by Plaintiffs Gulf Restoration Network *et al.* on April 3, 2012.

## INTRODUCTORY STATEMENT

1. This paragraph consists of Plaintiffs' characterization of this action and therefore requires no response.

2. The Agricultural Associations do not have information sufficient to admit or deny the allegations in this paragraph and, therefore, deny the allegations.

3. The Agricultural Associations admit that the quoted words appear in Section 303 of the Clean Water Act, 33 U.S.C. § 1313, which statute speaks for itself and is the best evidence of its contents.

4. This paragraph consists of conclusions of law, and therefore requires no response; to the extent a response is required, these allegations are denied. To the extent this paragraph includes allegations of fact, the Agricultural Associations do not have information sufficient to admit or deny and, therefore, deny the allegations.

5. The allegations in this paragraph are conclusions of law and, therefore, require no response; to the extent a response is required, these allegations are denied.

## JURISDICTION AND VENUE

6. The allegations in this paragraph are conclusions of law and, therefore, require no response; to the extent a response is required, these allegations are denied.

7. The allegations in this paragraph are conclusions of law and, therefore, require no response; to the extent a response is required, these allegations are denied. The Agricultural

Associations do not have information sufficient regarding where Plaintiff Gulf Restoration Network resides or does business and, therefore, deny allegations related to same.

## PARTIES

8. The Agricultural Associations do not have information sufficient to admit or deny the allegations related to Plaintiff Gulf Restoration Network and, therefore, deny the allegations in this paragraph.

9. The Agricultural Associations do not have information sufficient to admit or deny the allegations related to Plaintiff Missouri Coalition for the Environment and, therefore, deny the allegations in this paragraph.

10. The Agricultural Associations do not have information sufficient to admit or deny the allegations related to Plaintiff Iowa Environmental Council and, therefore, deny the allegations in this paragraph.

11. The Agricultural Associations do not have information sufficient to admit or deny the allegations related to Plaintiff Tennessee Clean Water Network and, therefore, deny the allegations in this paragraph.

12. The Agricultural Associations do not have information sufficient to admit or deny the allegations related to Plaintiff Minnesota Center for Environmental Advocacy and, therefore, deny the allegations in this paragraph.

13. The Agricultural Associations do not have information sufficient to admit or deny allegations related to Plaintiff Sierra Club and, therefore, deny the allegations in this paragraph.

PD.6330017.1

14. The Agricultural Associations do not have information sufficient to admit or deny allegations related to Plaintiff Waterkeeper Alliance and, therefore, deny the allegations in this paragraph.

15. The Agricultural Associations do not have information sufficient to admit or deny allegations related to Plaintiff Prairie Rivers Network and, therefore, deny the allegations in this paragraph.

16. The Agricultural Associations do not have information sufficient to admit or deny allegations related to Plaintiff Kentucky Waterways Alliance and, therefore, deny the allegations in this paragraph.

17. The Agricultural Associations do not have information sufficient to admit or deny allegations related to Plaintiff Environmental Law & Policy Center and, therefore, deny the allegations in this paragraph.

18. The Agricultural Associations do not have information sufficient to admit or deny allegations related to Plaintiff Natural Resources Defense Council and, therefore, deny the allegations in this paragraph.

19. The Agricultural Associations do not have information sufficient to admit or deny allegations in this paragraph and, therefore, deny the allegations.  This paragraph also consists of conclusions of law that require no response; to the extent a response is required, these allegations are denied.

20. The Agricultural Associations admit the allegations in this paragraph.

21. The Agricultural Associations admit that the U.S. EPA is an agency of the federal government, but deny that EPA has the primary responsibility under the Clean Water

Act to protect the waters of the United States from pollution.  The individual States have primary responsible to implement the Clean Water Act and to maintain water quality.

## STATUTORY FRAMEWORK

22. The Agricultural Associations admit the allegation in the first sentence of this paragraph.  The Agricultural Associations admit that the quoted words appear in the Clean Water Act, 33 U.S.C. § 1251, which statute speaks for itself and is the best evidence of its contents.

23. The Agricultural Associations admit that the quoted words appear in the Clean Water Act, 33 U.S.C. § 1251, which statute speaks for itself and is the best evidence of its contents.

24. The Agricultural Associations admit that the quoted words appear in the referenced opinion of the U.S. Supreme Court, which opinion speaks for itself and is the best evidence of its contents.

25. The Agricultural Associations admit that the quoted words appear in the referenced opinion of the U.S. Supreme Court, which opinion speaks for itself and is the best evidence of its contents.

26. The Agricultural Associations admit that the quoted words appear in Section 303 of the Clean Water Act, 33 U.S.C. § 1313, which statute speaks for itself and is the best evidence of its contents.

27. The Agricultural Associations admit that the quoted words appear in Section 303 of the Clean Water Act.  *See* 33 U.S.C. § 1313.  To the extent that Plaintiffs have characterized the meaning of Section 303, the Agricultural Associations submit that the statute speaks for itself and is the best evidence of its contents.

28. The Agricultural Associations admit that the quoted words appear in Section 303 of the Clean Water Act, 33 U.S.C. § 1313, which statute speaks for itself and is the best evidence of its contents. Paragraph 28 also characterizes § 1313(c)(2)(A),(3), which speaks for itself and is the best evidence of its contents.

29. The Agricultural Associations admit that the quoted words appear in Section 303 of the Clean Water Act. *See* 33 U.S.C. § 1313. To the extent that Plaintiffs have characterized the meaning of Section 303, the Agricultural Associations submit that the statute speaks for itself and is the best evidence of its contents.

30. The Agricultural Associations admit that the quoted words appear in Section 303 of the Clean Water Act. *See* 33 U.S.C. § 1313. To the extent that Plaintiffs have characterized the meaning of Section 303, the Agricultural Associations submit that the statute speaks for itself and is the best evidence of its contents.

## STATEMENT OF FACTS

**A. Plaintiffs' Petition to EPA to Establish Numeric Nutrient Standards and TMDLs for the Mississippi River Basin and Northern Gulf of Mexico**

31. The Agricultural Associations admit the allegations of this paragraph.

32. The Agricultural Associations do not have information sufficient to admit or deny allegations in this paragraph and, therefore, deny the allegations.

33. The Agricultural Associations do not have information sufficient to admit or deny allegations in this paragraph and, therefore, deny the allegations.

34. The Agricultural Associations do not have information sufficient to admit or deny allegations in this paragraph and, therefore, deny the allegations.

35. The Agricultural Associations admit that Plaintiffs have accurately quoted their petition to EPA.  The Agricultural Associations do not have information sufficient to admit or deny the factual allegations in this paragraph and, therefore, deny the allegations.

36. The Agricultural Associations admit that Plaintiffs have accurately quoted their petition to EPA.  The Agricultural Associations do not have information sufficient to admit or deny the factual allegations in this paragraph and, therefore, deny the allegations.

37. The Agricultural Associations admit that Plaintiffs have accurately quoted their petition to EPA.  The Agricultural Associations do not have information sufficient to admit or deny the factual allegations in this paragraph and, therefore, deny the allegations.

B. **EPA Denial of Plaintiffs' Petition**

38. The Agricultural Associations admit the allegations in this paragraph.

39. The Agricultural Associations admit that the quoted words appear in the referenced EPA letter, which letter speaks for itself and is the best evidence of its contents.

40. The Agricultural Associations admit that the quoted words appear in the referenced EPA letter, which letter speaks for itself and is the best evidence of its contents.

41. The Agricultural Associations admit that the quoted words appear in the referenced EPA letter, which letter speaks for itself and is the best evidence of its contents.

42. The Agricultural Associations admit that the quoted words appear in the referenced EPA letter, which letter speaks for itself and is the best evidence of its contents.

## CLAIM FOR RELIEF

### First Claim for Relief

43. This paragraph consists of a legal conclusion and, therefore, requires no response; to the extent a response is required, these allegations are denied.  The Agricultural

Associations admit that the quoted language appears in the Administrative Procedure Act, 5 U.S.C. § 704, which statute speaks for itself and is the best evidence of its contents.

44. The Agricultural Associations admit that the quoted language appears in Section 303 of the Clean Water Act, 33 U.S.C. § 1313, which statute speaks for itself and is the best evidence of its contents.

45. The Agricultural Associations deny the allegations in this paragraph.

46. The Agricultural Associations deny the allegations in this paragraph.

## Second Claim for Relief

47. This paragraph consists of a legal conclusion and, therefore, requires no response; to the extent a response is required, these allegations are denied. The Agricultural Associations admit that the quoted language appears in the Administrative Procedure Act, 5 U.S.C. § 704, which statute speaks for itself and is the best evidence of its contents.

48. The Agricultural Associations deny the allegations in this paragraph.

49. The Agricultural Associations deny the allegations in this paragraph.

50. The Agricultural Associations deny the allegations in this paragraph.

## PRAYER FOR RELIEF

Agricultural Associations deny that Plaintiffs are entitled to any relief.

Dated:  May 10, 2012

        Respectfully submitted,

        PHELPS DUNBAR LLP

        /s/ S. Ault Hootsell III
        S. Ault Hootsell III, T.A. (#17630)
        Sarah Perkins Reid (#33311)
        365 Canal Street, Suite 2000
        New Orleans, LA  70130-6534
        Telephone: (504) 566-1311
        Telecopier: (504) 568-9130
        hootsela@phelps.com
        reids@phelps.com

        *Counsel for the Agricultural Associations*

OF COUNSEL:

Richard E. Schwartz
David P. Ross
David Y. Chung
CROWELL & MORING LLP
1001 Pennsylvania Avenue, NW
Washington, DC  20004
(202) 624-2500

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing answer was filed electronically using the Court's CM/ECF System this 10th day of May, 2012, which sent notification of such filing to the attorneys of record for each party, who have registered with the Court's CM/ECF system.

        /s/ S. Ault Hootsell III

9