UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| GULF RESTORATION NETWORK, et al. <br><br> Plaintiffs, <br><br> v. <br><br> LISA P. JACKSON, Administrator, and UNITED STATES ENVIRONMENTAL PROTECTION AGENCY, <br><br> Defendants, and <br><br> FEDERAL WATER QUALITY COALITION, <br><br> Defendant-Intervenor | Civil Action No. 2:12-cv-00677 <br><br> Hon. Jay C. Zainey <br> Magistrate Daniel E. Knowles, III |

**ANSWER OF DEFENDANTS
LISA P. JACKSON, ADMINISTRATOR,
AND UNITED STATES ENVIRONMENTAL PROTECTION AGENCY**

Defendants Lisa P. Jackson, Administrator, United States Environmental Protection Agency, and United States Environmental Protection Agency (collectively "EPA") hereby answer plaintiffs' Amended Complaint ("Complaint") (Dkt. No. 22) as follows:

1. The first sentence of Paragraph 1 characterizes plaintiffs' Complaint and requires no response. EPA admits that Exhibit A to the Complaint is a true and correct copy of an administrative petition submitted to EPA ("Petition").

The first sentence of footnote 1 characterizes the Petition, which speaks for itself and is the best evidence of its contents; therefore, no response is required. The second and third sentences of footnote 1 characterize plaintiffs' Complaint, and require no response.

    2.     EPA admits the allegations that nutrient pollution in the Mississippi River Basin and northern Gulf of Mexico causes or contributes to a low-oxygen "dead zone" in the Gulf of Mexico; that such pollution degrades and impairs water quality; and that such pollution harms aquatic life, human health, and the economic, aesthetic, and recreational values of rivers, lakes, streams, estuaries, and coastal waters.  The remaining statements in Paragraph 2 are ambiguous subjective characterizations, not allegations of fact, and therefore are not susceptible of admission or denial.

    3.     Paragraph 3 characterizes Section 303(c)(4)(B) of the Clean Water Act ("CWA" or "Act"), which speaks for itself and is the best evidence of its contents; therefore, no response is required.

    4.     The first sentence of Paragraph 4 consists of legal conclusions that require no response.

    a.     Paragraph 4.a. characterizes EPA's July 29, 2011, letter denying the Petition (the "Denial"), which speaks for itself and is the best evidence of its contents; therefore, no response is required.  Paragraph 4.a. also contains legal conclusions that require no response.

    b.     Paragraph 4.b. consists of legal conclusions that require no response.

    5.     Paragraph 5 states plaintiffs' request for relief, which requires no response.

### JURISDICTION AND VENUE

    6.     Paragraph 6 consists of legal conclusions that require no response.

    7.     EPA admits the allegations that no real property is involved in this action and that New Orleans, Louisiana, is located in the Eastern District of Louisiana.  EPA lacks sufficient information to admit or deny the allegation that plaintiff GRN maintains its principal place of

business in New Orleans, Louisiana.  The remainder of Paragraph 7 consists of legal conclusions that require no response.

## PARTIES

8. EPA lacks sufficient information to admit or deny the allegations in Paragraph 8.

9. EPA lacks sufficient information to admit or deny the allegations in Paragraph 9.

10. EPA lacks sufficient information to admit or deny the allegations in Paragraph 10.

11. EPA lacks sufficient information to admit or deny the allegations in Paragraph 11.

12. EPA lacks sufficient information to admit or deny the allegations in Paragraph 12.

13. EPA lacks sufficient information to admit or deny the allegations in Paragraph 13.

14. EPA lacks sufficient information to admit or deny the allegations in Paragraph 14.

15. EPA lacks sufficient information to admit or deny the allegations in Paragraph 15.

16. EPA lacks sufficient information to admit or deny the allegations in Paragraph 16.

17. EPA lacks sufficient information to admit or deny the allegations in Paragraph 17.

18. EPA lacks sufficient information to admit or deny the allegations in Paragraph 18.

19. The first sentence of Paragraph 19 characterizes plaintiffs' Complaint and requires no response.  EPA lacks sufficient information to admit or deny the remaining allegations in Paragraph 19.

20. EPA admits that Lisa P. Jackson is the Administrator of EPA.  The remainder of the first sentence of Paragraph 20 consists of legal conclusions that require no response.  The second sentence of Paragraph 20 characterizes plaintiffs' Complaint and requires no response.

21. EPA admits that it is an agency of the federal government.  The remainder of Paragraph 21 consists of legal conclusions that require no response.

## STATUTORY FRAMEWORK

22. Paragraph 22 characterizes the CWA, which speaks for itself and is the best evidence of its contents; therefore, no response is required.

23. Paragraph 23 characterizes the CWA, which speaks for itself and is the best evidence of its contents; therefore, no response is required.

24. Paragraph 24 characterizes the decision in <u>PUD No. 1 of Jefferson Co. v. Washington Dep't of Ecology</u>, 511 U.S. 700, which speaks for itself and is the best evidence of its contents; therefore, no response is required.

25. Paragraph 25 characterizes <u>PUD No. 1</u> and the CWA, which speak for themselves and are the best evidence of their contents; therefore, no response is required. Paragraph 25 also contains legal conclusions that require no response.

26. Paragraph 26 characterizes the CWA, which speaks for itself and is the best evidence of its contents; therefore, no response is required. Paragraph 26 also contains legal conclusions that require no response.

27. Paragraph 27 characterizes the CWA, which speaks for itself and is the best evidence of its contents; therefore, no response is required. Paragraph 27 also contains legal conclusions that require no response.

28. Paragraph 28 characterizes the CWA, which speaks for itself and is the best evidence of its contents; therefore, no response is required. Paragraph 28 also contains legal conclusions that require no response.

29. Paragraph 29 characterizes the CWA, which speaks for itself and is the best evidence of its contents; therefore, no response is required. Paragraph 29 also contains legal conclusions that require no response.

30. Paragraph 30 characterizes the CWA, which speaks for itself and is the best evidence of its contents; therefore, no response is required. Paragraph 30 also contains legal conclusions that require no response.

## PLAINTIFFS' STATEMENT OF FACTS

31. EPA admits that on or about July 30, 2008, certain parties submitted the Petition to EPA. The remainder of Paragraph 31 characterize the Petition, which speaks for itself and is the best evidence of its contents; therefore, no response is required.

32. Paragraph 32 characterizes the Petition, which speaks for itself and is the best evidence of its contents; therefore, no response is required.

33. The first sentence of Paragraph 33 characterizes the Petition, which speaks for itself and is the best evidence of its contents; therefore, no response is required. EPA admits the allegation in the second sentence of Paragraph 33 that the Gulf's dead zone is the largest in North America. EPA lacks sufficient information to admit or deny the remaining allegations in the second sentence of Paragraph 33.

34. Paragraph 34 characterizes the Petition, which speaks for itself and is the best evidence of its contents; therefore, no response is required.

35. Paragraph 35 characterizes the Petition, which speaks for itself and is the best evidence of its contents; therefore, no response is required.

36. Paragraph 36 characterizes the Petition, which speaks for itself and is the best evidence of its contents; therefore, no response is required.

37. Paragraph 37 characterizes the Petition, which speaks for itself and is the best evidence of its contents; therefore, no response is required.

38.     EPA admits the allegations in the first sentence of Paragraph 38.  EPA admits that Exhibit B to plaintiffs' complaint is a true and correct copy of the Denial.  The remainder of the second sentence of Paragraph 38 characterizes plaintiffs' Complaint and requires no response.

39.     Paragraph 39 characterizes the Denial, which speaks for itself and is the best evidence of its contents; therefore, no response is required.

40.     Paragraph 40 characterizes the Denial, which speaks for itself and is the best evidence of its contents; therefore, no response is required.

41.     Paragraph 41 characterizes the Denial, which speaks for itself and is the best evidence of its contents; therefore, no response is required.

42.     Paragraph 42 characterizes the Denial, which speaks for itself and is the best evidence of its contents; therefore, no response is required.

## FIRST CLAIM FOR RELIEF

43.     Paragraph 43 consists of legal conclusions that require no response.

44.     Paragraph 44 characterizes the CWA, which speaks for itself and is the best evidence of its contents; therefore, no response is required.

45.     Paragraph 45 characterizes the Denial, which speaks for itself and is the best evidence of its contents; therefore, no response is required.  Paragraph 45 also contains legal conclusions that require no response.

46.     Paragraph 46 consists of legal conclusions that require no response.

## SECOND CLAIM FOR RELIEF

47.     Paragraph 47 consists of legal conclusions that require no response.

48. Paragraph 48 characterizes the Petition, which speaks for itself and is the best evidence of its contents; therefore, no response is required. Paragraph 48 also contains legal conclusions that require no response.

49. Paragraph 49 characterizes the Denial, which speaks for itself and is the best evidence of its contents; therefore, no response is required. Paragraph 49 also contains legal conclusions that require no response.

50. Paragraph 50 consists of legal conclusions that require no response.

## PRAYER FOR RELIEF

Plaintiffs' prayer for relief requires no response. To the extent that a response is required, EPA denies that plaintiffs are entitled to any relief.

## GENERAL DENIAL

To the extent that any allegation is not admitted or otherwise specifically responded to above, EPA denies that allegation.

WHEREFORE, EPA prays that plaintiffs take nothing by their Complaint.

May 21, 2012                                                      Respectfully submitted,

Ignacia S. Moreno
Assistant Attorney General
United States Department of Justice
Environment and Natural Resources
    Division

*/s/ Angeline Purdy*
By: _____
Angeline Purdy
Environmental Defense Section
D.C. Bar No. 489236
U.S. Department of Justice

- 8 -

        P.O. Box 7611
Washington, D.C. 20044
Voice: (202) 514-0996
Fax: (202) 514-8865
e-mail: angeline.purdy@usdoj.gov

Overnight delivery:
Patrick Henry Building, Suite 8000
601 D Street, N.W.
Washington, D.C.  20004

OF COUNSEL:

Peter Z. Ford
U.S. Environmental Protection Agency
1200 Pennsylvania Avenue, NW
Washington, DC 20460

- 9 -

## **CERTIFICATE OF SERVICE**

      I hereby certify that on May 21, 2012, I filed the foregoing Answer via the CM/ECF system, which will electronically serve all counsel of record.

      */s/ Angeline Purdy*
      _____
      Angeline Purdy