UNITED STATES DISTRICT COURT
FOR THE
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| GULF RESTORATION NETWORK, *et al.* ) ) | |
| Plaintiffs ) ) | Civil Action No. 2:12-cv-00677 |
| v. ) ) | Section "A," Division 3 |
| LISA P. JACKSON, ) Administrator of the United States ) Environmental Protection Agency, ) and THE UNITED STATES ) ENVIRONMENTAL PROTECTION ) AGENCY, ) ) | Honorable Jay C. Zainey  Magistrate Judge Knowles |
| Defendants ) | |

_____

THE STATE OF LOUISIANA'S,
THE LOUISIANA DEPARTMENT OF ENVIRONMENTAL QUALITY'S,
THE LOUISIANA DEPARTMENT OF NATURAL RESOURCES'S, AND
THE LOUISIANA DEPARTMENT OF AGRICULTURE AND FORESTRY'S
ANSWER TO PLAINTIFFS' AMENDED COMPLAINT
_____

Defendant-Intervenor, the State of Louisiana, the Louisiana Department of Environmental Quality ("LDEQ"), the Louisiana Department of Natural Resources ("LDNR"), and the Louisiana Department of Agriculture and Forestry ("LDAF") (sometimes collectively referred to as the "State" or "Louisiana") hereby answers Plaintiffs' Amended Complaint (Dkt. No.22) as follows:

1.  The first sentence of Paragraph 1 characterizes Plaintiffs' Complaint and requires no response. Exhibit A to the Complaint is a copy of an administrative petition submitted to EPA ("Petition"), which speaks for itself and is the best evidence of its contents.

The first sentence of footnote 1 characterizes the Petition, which speaks for itself and is the best evidence of its contents; therefore, no response is required. The second and third sentences of footnote 1 characterize Plaintiffs' Complaint, and require no response.

2. Louisiana admits the allegation that nutrient pollution in the Mississippi River Basin and northern Gulf of Mexico causes or contributes to a low-oxygen "dead zone" in the Gulf of Mexico. Louisiana lacks sufficient information to admit or deny the remaining allegations in Paragraph 2.

3. Paragraph 3 characterizes Section 303(c)(4)(B) of the Clean Water Act ("CWA" or "Act"), which speaks for itself and is the best evidence of its contents; therefore, no response is required.

4. The first sentence of Paragraph 4 consists of legal conclusions that require no response.

   a. Paragraph 4.a. characterizes EPA's July 29, 2011, letter denying the Petition (the "Denial"), which speaks for itself and is the best evidence of its contents; therefore, no response is required. Paragraph 4.a. also contains legal conclusions that require no response.

   b. Paragraph 4.b. consists of legal conclusions that require no response.

5. Paragraph 5 states Plaintiffs' request for relief, which requires no response.

**JURISDICTION AND VENUE**

6. Paragraph 6 consists of legal conclusions that require no response.

7. Louisiana admits the allegations that no real property is involved in this action and that New Orleans, Louisiana, is located in the Eastern District of Louisiana. Louisiana lacks sufficient information to admit or deny the allegation that plaintiff Gulf Restoration Network

...

maintains its principal place of business in New Orleans, Louisiana. The remainder of Paragraph 7 consists of legal conclusions that require no response.

## PARTIES

8. Louisiana lacks sufficient information to admit or deny the allegations in Paragraph 8.

9. Louisiana lacks sufficient information to admit or deny the allegations in Paragraph 9.

10. Louisiana lacks sufficient information to admit or deny the allegations in Paragraph 10.

11. Louisiana lacks sufficient information to admit or deny the allegations in Paragraph 11.

12. Louisiana lacks sufficient information to admit or deny the allegations in Paragraph 12.

13. Louisiana lacks sufficient information to admit or deny the allegations in Paragraph 13.

14. Louisiana lacks sufficient information to admit or deny the allegations in Paragraph 14.

15. Louisiana lacks sufficient information to admit or deny the allegations in Paragraph 15.

16. Louisiana lacks sufficient information to admit or deny the allegations in Paragraph 16.

17. Louisiana lacks sufficient information to admit or deny the allegations in Paragraph 17.

18. Louisiana lacks sufficient information to admit or deny the allegations in Paragraph 18.

19. The first sentence of Paragraph 19 characterizes Plaintiffs' Complaint and requires no response. Louisiana lacks sufficient information to admit or deny the remaining allegations in Paragraph 19.

20. Louisiana admits that Lisa P. Jackson is the Administrator of EPA. The remainder of the first sentence of Paragraph 20 consists of legal conclusions that require no response. The second sentence of Paragraph 20 characterizes Plaintiffs' Complaint and requires no response.

21. Louisiana admits that EPA is an agency of the federal government. The remainder of Paragraph 21 consists of legal conclusions that require no response.

## STATUTORY FRAMEWORK

22. Paragraph 22 characterizes the CWA, which speaks for itself and is the best evidence of its contents; therefore, no response is required.

23. Paragraph 23 characterizes the CWA, which speaks for itself and is the best evidence of its contents; therefore, no response is required.

24. Paragraph 24 characterizes the decision in *PUD No. 1 of Jefferson Co. v. Washington Dep't of Ecology*, 511 U.S. 700, which speaks for itself and is the best evidence of its contents; therefore, no response is required.

25. Paragraph 25 characterizes *PUD No. 1 of Jefferson Co. v. Washington Dep't of Ecology*, 511 U.S. 700, and the CWA, which speak for themselves and are the best evidence of their contents; therefore, no response is required. Paragraph 25 also contains legal conclusions that require no response.

26. Paragraph 26 characterizes the CWA, which speaks for itself and is the best

evidence of its contents; therefore, no response is required. Paragraph 26 also contains legal conclusions that require no response.

27. Paragraph 27 characterizes the CWA, which speaks for itself and is the best evidence of its contents; therefore, no response is required. Paragraph 27 also contains legal conclusions that require no response.

28. Paragraph 28 characterizes the CWA, which speaks for itself and is the best evidence of its contents; therefore, no response is required. Paragraph 28 also contains legal conclusions that require no response.

29. Paragraph 29 characterizes the CWA, which speaks for itself and is the best evidence of its contents; therefore, no response is required. Paragraph 29 also contains legal conclusions that require no response.

30. Paragraph 30 characterizes the CWA, which speaks for itself and is the best evidence of its contents; therefore, no response is required. Paragraph 30 also contains legal conclusions that require no response.

## PLAINTIFFS' STATEMENT OF FACTS

31. Louisiana admits that on or about July 30, 2008, certain parties submitted the Petition to EPA. The remainder of Paragraph 31 characterize the Petition, which speaks for itself and is the best evidence of its contents; therefore, no response is required.

32. Paragraph 32 characterizes the Petition, which speaks for itself and is the best evidence of its contents; therefore, no response is required.

33. The first sentence of Paragraph 33 characterizes the Petition, which speaks for itself and is the best evidence of its contents; therefore, no response is required. Louisiana lacks sufficient information to admit or deny the remaining allegations in Paragraph 33.

34. Paragraph 34 characterizes the Petition, which speaks for itself and is the best evidence of its contents; therefore, no response is required.

35. Paragraph 35 characterizes the Petition, which speaks for itself and is the best evidence of its contents; therefore, no response is required.

36. Paragraph 36 characterizes the Petition, which speaks for itself and is the best evidence of its contents; therefore, no response is required.

37. Paragraph 37 characterizes the Petition, which speaks for itself and is the best evidence of its contents; therefore, no response is required.

## EPA DENIAL OF PLAINTIFFS' PETITION

38. Louisiana admits that EPA denied Plaintiffs' petition. Exhibit B to the Complaint is a copy of the Denial, which speaks for itself and is the best evidence of its contents; therefore, no response is required.

39. Paragraph 39 characterizes the Denial, which speaks for itself and is the best evidence of its contents; therefore, no response is required.

40. Paragraph 40 characterizes the Denial, which speaks for itself and is the best evidence of its contents; therefore, no response is required.

41. Paragraph 41 characterizes the Denial, which speaks for itself and is the best evidence of its contents; therefore, no response is required.

42. Paragraph 42 characterizes the Denial, which speaks for itself and is the best evidence of its contents; therefore, no response is required.

## FIRST CLAIM FOR RELIEF

43. Paragraph 43 consists of legal conclusions that require no response.

44. Paragraph 44 characterizes the CWA, which speaks for itself and is the best

evidence of its contents; therefore, no response is required.

45. Paragraph 45 characterizes the Denial, which speaks for itself and is the best evidence of its contents; therefore, no response is required. Paragraph 45 also contains legal conclusions that require no response.

46. Paragraph 46 consists of legal conclusions that require no response.

## SECOND CLAIM FOR RELIEF

47. Paragraph 47 consists of legal conclusions that require no response.

48. Paragraph 48 characterizes the Petition, which speaks for itself and is the best evidence of its contents; therefore, no response is required. Paragraph 48 also contains legal conclusions that require no response.

49. Paragraph 49 characterizes the Denial, which speaks for itself and is the best evidence of its contents; therefore, no response is required. Paragraph 49 also contains legal conclusions that require no response.

50. Paragraph 50 consists of legal conclusions that require no response.

## PRAYER FOR RELIEF

Plaintiffs' prayer for relief requires no response. To the extent that a response is required, Louisiana denies that Plaintiffs are entitled to any relief.

## GENERAL DENIAL

To the extent that any allegation is not admitted or otherwise specifically responded to above, Louisiana denies that allegation.

WHEREFORE, Louisiana prays that Plaintiffs take nothing by their Complaint.

DATE: July 11th, 2012

Respectfully submitted,

JAMES D. "BUDDY" CALDWELL
ATTORNEY GENERAL
STATE OF LOUISIANA

By:     /s/ Megan K. Terrell
   Megan K. Terrell (#29443)
   terrellm@ag.state.la.us
   Steven B. "Beaux" Jones (#33915)
   jonesst@ag.state.la.us
   Assistant Attorneys General
   Civil Division, Environmental Section
   Louisiana Department of Justice
   Post Office Box 94005
   Baton Rouge, Louisiana 70804-9005
   Telephone: (225) 326-6085
   Facsimile:  (225) 326-6099


LOUISIANA DEPARTMENT OF
ENVIRONMENTAL QUALITY
Herman Robinson, Executive Counsel (#2077)

By:    /s/ Christopher A. Ratcliff
   Christopher A. Ratcliff (#18675), Trial Attorney
   chris.ratcliff@la.gov
   Ann B. Hill (#29905),
   ann.hill@la.gov
   Legal Division
   Post Office Box 4302
   Baton Rouge, Louisiana 70821-4302
   Telephone: (225) 219-3985
   Fax: (225) 219-4068

LOUISIANA DEPARTMENT OF
NATURAL RESOURCES

By:\_\_\_\_/s/ Isaac Jackson, Jr._____
    Isaac Jackson, Jr.  (#19632)
    General  Counsel
    Isaac.Jackson@La.Gov
    Post Office Box 94396
    Baton Rouge, Louisiana  70804
    Telephone: (225) 342-2614
    Fax:  (225) 342-2707


LOUISIANA DEPARTMENT OF
AGRICULTURE AND FORESTRY

By:\_\_\_\_/s/ Tabitha I. Gray_____
    Tabitha I. Gray  (#26345)
    Executive Counsel
    tgray@ldaf.state.la.us
    Post Office Box 631
    Baton Rouge, Louisiana  70821
    Telephone: (225) 922-1234
    Fax:  (225) 923-4821


**CERTIFICATE OF SERVICE**

I hereby certify that a true and correct copy of the foregoing motion was electronically filed this 11th day of June, 2012, using the Court's CM/ECF System, which sent notification of such filing to the attorneys of record for each party, who have registered with the Court's CM/ECF system.

                            /s/ Megan K. Terrell
                            Megan K. Terrell